IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                              CV 15-35 JB/WPL
                                              CR 13-330 JB

RUDY ORLANDO CABRERA,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Rudy Cabrera filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV Doc. 1; CR Doc. 59.)[1] Cabrera advances two broad arguments in support of his request for resentencing. The United States responds that none of Cabrera's arguments entitle him to any of the relief requested. (Doc. 62.) Since Cabrera's claims may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that the motion be denied.

### BACKGROUND

Rudy Cabrera is a citizen of Guatemala. *United States v. Cabrera*, 571 F. App'x 713, 715 (10th Cir. 2014) (unpublished). Cabrera has several previous convictions, including a 2001 conviction in Colorado state court for theft of an ankle monitor, valued between $500 and $15,000, in violation of COLO. REV. STAT. § 18-4-401, a felony for which he was sentenced to four years' imprisonment; a 2005 conviction in the District of New Mexico for illegal reentry of a removed alien, a felony for which he was sentenced to twenty-four months' imprisonment; and

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 15-35 JB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 13-330 JB. Documents filed in both cases are cited by reference to the corresponding document in the criminal case.

a 2009 conviction in the Western District of Texas for illegal reentry of a removed alien, a felony for which he was sentenced to forty-one months' imprisonment. *Cabrera*, 571 F. App'x at 715. Following the 2001 Colorado conviction, Cabrera was released to the custody of Immigration and Customs Enforcement and was removed to Guatemala after a hearing before an immigration judge. *Id.* The immigration judge apparently did not inform Cabrera that he was eligible to seek discretionary relief from removal. *Id.* As a result of each of the two illegal reentry convictions, Cabrera was removed from the United States. *Id.*

In this case, Cabrera was found in Sunland Park, New Mexico, by a United States Border Patrol agent on December 30, 2012. *Id.* On March 29, 2013, Cabrera pled guilty to a one-count indictment of "illegally reentering the United States following removal after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2)." *Id.* at 714. Cabrera was offered a Fast Track Plea Agreement, but declined the offer. (Doc. 63 at 1.) When Cabrera pled guilty, he consented to a magistrate judge taking his plea and the magistrate judge informed him that he had been indicted for the offense of being an alien who illegally reentered the United States after having been previously deported. Plea Hr'g, Mar. 29, 2013, [10:42:53 AM – 10:43:05 AM].

The United States Probation Office prepared a presentence report ("PSR") that calculated Cabrera's total offense level of 13, including a base offense level of 8 and an 8-level enhancement for the prior "aggravated felony," the 2001 Colorado conviction, and his criminal history as a category VI. *Cabrera*, 571 F. App'x at 715. Accordingly, Probation calculated Cabrera's advisory sentencing range as thirty-three to forty-one months. *Id.*

Cabrera filed a Sentencing Memorandum that included objections to the PSR and requested a downward departure or variance because 1) the 2004 removal order should be

declared invalid because the immigration judge failed to advise Cabrera that he could seek discretionary relief from removal; 2) the 2001 Colorado conviction should be overturned because he received constitutionally ineffective assistance of counsel when his public defender failed to advise him that his guilty plea could result in removal and failed to challenge the state's evidence with respect to the value of the ankle monitor; 3) the 2001 Colorado conviction should not be considered an aggravated felony for purposes of sentencing enhancement; 4) certain offenses listed in the PSR should not count toward his criminal history points; 5) he should be granted a downward departure under U.S.S.G. § 2L1.2 Application Note 7 because the theft offense was not serious; 6) he should be granted a downward departure under U.S.S.G. § 2L1.2 Application Note 8 based on cultural assimilation in the United States; 7) he should be granted a downward departure based on diminished capacity as a result of post-traumatic stress disorder ("PTSD"); and 8) he should be granted a downward variance in light of the 18 U.S.C. § 3553(a) factors. *Id.* at 715-16.

The Court held a sentencing hearing on November 12, 2013, at which it rejected all of Cabrera's arguments, adopted the PSR, and sentenced Cabrera to forty-one months' imprisonment. *Id.* at 716. At the sentencing hearing, the Court stated that it had considered all of Cabrera's arguments—in the brief and at the hearing—and found that Cabrera's argument as to cultural assimilation "seemed . . . kind of . . . disingenuous . . . in the sense that [Cabrera] hasn't assimilated very well," particularly in light of his criminal history. (Doc. 49 at 21.) As to Cabrera's request for a downward departure based on diminished capacity, the Court noted that any mental difficulty was undocumented, but also that the Court did not observe any low level of intellectual functioning or other mental deficit. (*Id.* at 21-22.) Cabrera was then transferred to the Western District of Texas, which revoked his supervised release in the 2009 case and sentenced

him to twenty-one months' imprisonment to run consecutively to his sentence in this case. *Cabrera*, 571 F. App'x at 716.

Cabrera appealed, arguing that his sentence is substantively unreasonable and seeking review of his arguments related to the 2004 removal order, the 2001 Colorado conviction, and the downward departure requests. *Id.* The Tenth Circuit concluded that Cabrera's sentence of forty-one months' imprisonment, at the top of the guidelines range, was substantively reasonable. *Id.* at 717.

With respect to the 2004 removal order, the Tenth Circuit determined that Cabrera waived his right to appeal that order by failing to exhaust administrative remedies under 8 U.S.C. § 1326(d)(1), that there is no constitutional obligation for an immigration judge to inform a potential deportee that he might be eligible for discretionary relief, that Cabrera cannot show that he was deprived of the opportunity for judicial review, and that Cabrera failed to establish fundamental unfairness in the entry of the 2004 order. *Id.* at 718 (citing *United States v. Chavez-Alonso*, 431 F.3d 726, 728-29 (10th Cir. 2005)).

As for the 2001 Colorado conviction, the Tenth Circuit held that Cabrera's challenge to the validity of the conviction is foreclosed by *United States v. Delacruz-Soto*, 414 F.3d 1158 (10th Cir. 2005), in which the Court determined "that defendants convicted under 8 U.S.C. § 1326 cannot, in that criminal proceeding, challenge a prior aggravated felony conviction used to enhance the penalties under § 1326(b)(2), except on the ground that the defendant was denied counsel in that prior felony proceeding." *Cabrera*, 571 F. App'x at 718-19 (quoting *Delacruz-Soto*, 414 F.3d at 1160) (citing *Custis v. United States*, 511 U.S. 485 (1994)). The Court went on to conclude that, using the applicable modified categorical approach to determine if the 2001 Colorado conviction constitutes an "aggravated felony," the 2001 Colorado conviction satisfies

all the elements of the generic offense of theft as defined in 8 U.S.C. § 1101(a)(43)(G) and was properly categorized as an aggravated felony. *Id.* at 719-20.

Finally, the Tenth Circuit determined that it lacked jurisdiction to review Cabrera's arguments that the sentencing court erred by denying his requests for downward departures unless the "sentencing court unambiguously stated it did not have discretion to grant the downward departure on the grounds urged by [the defendant] at sentencing," and the court in this case made no such statement as to lack of discretion. *Id.* at 720 (quoting *United States v. Fonseca*, 473 F.3d 1109, 1113 (10th Cir. 2007)) (alteration in original). Therefore, the Tenth Circuit denied Cabrera's appeal and affirmed his sentence as substantively reasonable. *Id.* at 721.

## STANDARD OF REVIEW

Because Cabrera is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## DISCUSSION

Cabrera brings two broad arguments for ineffective assistance of counsel and due process violations. Cabrera claims that he received constitutionally ineffective assistance of counsel because his counsel advised against filing, and in fact did not file, motions regarding alleged

5

constitutional violations in prior convictions; failed to request a psychological evaluation; and failed to adequately challenge his 2001 Colorado conviction or to file a petition for habeas corpus in Colorado state court. (Doc. 59.) Cabrera also claims that he was deprived of constitutional due process because the Court denied his request for downward departures and failed to consider his psychological conditions and cultural assimilation in that denial; his prior convictions, used to enhance the instant sentence, were constitutionally defective because he received ineffective assistance of counsel in the 2001 Colorado conviction and the immigration judge failed to advise him that he could seek discretionary relief from deportation in 2004; the magistrate judge taking his plea allowed him to preserve the right to challenge his prior convictions, even though the magistrate judge knew those convictions could only be challenged in the original court; and the sentencing court impermissibly considered the 2001 and 2004 convictions, which should not have been considered because of the underlying constitutional defects. (*Id.*)

Cabrera timely filed this motion. 28 U.S.C. § 2255(f). I find that Cabrera's arguments are all without merit, and recommend that the Court deny Cabrera's motion, dismiss this case with prejudice, and deny a certificate of appealability.

## I.   Evidentiary Hearing

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of alleging facts which, if proved, would entitle him to relief." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (quotation omitted), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en

banc). Accordingly, if the prisoner alleges facts which, if believed, cannot be grounds for relief, there is no need for a hearing. *Id.* Additionally, the petitioner's "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Id.* (citation and internal punctuation omitted). If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

Because the record alone establishes that Cabrera's § 2255 motion should be denied, I did not hold an evidentiary hearing in this matter.

## II.     Due Process

As a preliminary matter, the law of the case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The mandate rule, a corollary to the law of the case doctrine, requires that a district court "comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). Exceptions exist. Exceptions to the mandate rule include: 1) a material change in controlling legal authority; 2) new material evidence that was previously unobtainable; and 3) blatant error in the previous decision that would result in manifest injustice if not corrected. *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996). Exceptions to the law of the case doctrine are substantially the same as those for the mandate rule. *See McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000).

Cabrera again raises issues related to the 2001 Colorado conviction and the 2004 removal order. The Tenth Circuit clearly stated that Cabrera waived his right to appeal the 2004 removal order and that he did not have a "constitutional right to be informed of the existence of

discretionary relief for which [he] might be eligible." *Cabrera*, 571 F. App'x at 718 (quoting *Chavez-Alonso*, 431 F.3d at 728). As to the 2001 Colorado conviction, the Tenth Circuit also stated that individuals convicted under 8 U.S.C. § 1326, like Cabrera, cannot challenge prior aggravated felony convictions that are used to enhance penalties under § 1326(b)(2), except on the basis that the defendant was denied counsel in the prior proceeding. *Id.* (citing *Delacruz-Soto*, 414 F.3d at 1160).

Cabrera has not produced any evidence that was previously unobtainable, pointed to any intervening change in legal authority, or made any attempt at demonstrating that the Tenth Circuit's decision was clearly erroneous and would work a manifest injustice. Under the mandate rule and the law of the case doctrine, Cabrera's claim that he was denied due process when the sentencing court considered the 2001 Colorado conviction and the 2004 removal order to enhance his sentence necessarily fails because the Tenth Circuit has previously decided the issue. *Id.* at 718-19.

Cabrera also claims that the 2004 removal order was obtained in violation of his constitutional rights. The Tenth Circuit determined that there was no constitutional violation underlying the 2004 removal order because an immigration judge is not constitutionally required to inform a potential deportee that he may be eligible for discretionary relief. *Id.* at 718. Therefore, Cabrera's argument about the 2004 removal order having been obtained in violation of his constitutional rights is without merit and is foreclosed by the law of the case doctrine and the mandate rule.

Cabrera then claims that the 2001 conviction was obtained in violation of his constitutional rights by reason of ineffective assistance of counsel and an involuntary plea of guilty. The Tenth Circuit held in *Gamble v. Parsons* that a prisoner could properly argue that his

present sentence is inappropriate, improper, or unconstitutional because it was enhanced by a prior, unconstitutional conviction. 898 F.2d 117, 118 (10th Cir. 1990). The Supreme Court later clarified that when "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Daniels v. United States*, 532 U.S. 374, 382 (2001). The Court explained that the "presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under [28 U.S.C.] § 2255." *Id.*

Cabrera was convicted in Colorado state court in 2001. Colorado Rule of Criminal Procedure 35(b) states that a defendant may file a motion to reduce sentence within 126 days of sentencing or final action by the appellate court. Notwithstanding, a defendant may apply for postconviction review alleging, among other things, that the conviction was obtained by or sentence imposed is in violation of his or her constitutional rights. COLO. R. CRIM. PRO. 35(c)(2). Any person making application under Rule 35(c)(2) must do so within the time limits set forth in COLO. REV. STAT. § 16-5-402, or must establish one of the exceptions in § 16-5-402(2). Section 16-5-402(1) limits the time for postconviction applications to six months for petty offenses, eighteen months for misdemeanors, three years for all felonies that are not class 1 felonies, and no time limit for class 1 felonies. A class 1 felony carries a presumptive sentencing range of life imprisonment or death. COLO. REV. STAT. § 18-1.3-401(V)(A).

Cabrera's conviction was punishable by two to six years' imprisonment, and was therefore not a class 1 felony for purposes of § 16-5-402. Therefore, Cabrera had three years to apply for postconviction relief. It is unclear whether Cabrera failed to apply for postconviction

relief or applied unsuccessfully. In any event, for Cabrera to apply now he would have to establish one of the exceptions in § 16-5-402(2), including that the Colorado state court did not have jurisdiction over the subject matter of the alleged offense or did not have jurisdiction over Cabrera's person, the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of Cabrera to an institution for treatment as a person with a mental illness, or the failure to seek relief within the applicable time period resulted from justifiable excuse or excusable neglect.

There is no suggestion that the Colorado state court did not have jurisdiction over the offense or over Cabrera in 2001. There is no evidence in the record to suggest that Cabrera was ever adjudicated incompetent or committed to an institution for mental health treatment. Finally, Cabrera does not suggest that there were any external circumstances amounting to justifiable excuse or excusable neglect. Indeed, Cabrera contends he has "been trying since 2001, through different legal forms of post conviction petitions" to challenge the 2001 conviction. (Doc. 63 at 4.) Cabrera cannot establish any of the exceptions in § 16-5-402(2). Accordingly, Cabrera's 2001 conviction is no longer open to direct or collateral attack in its own right. Under *Daniels*, Cabrera cannot now use 28 U.S.C. § 2255 to claim a due process violation in his current sentence based on the 2001 conviction: this relief is foreclosed because of the "goals of easy administration and finality." 532 U.S. at 383. Cabrera's argument that his due process rights were violated by using the 2001 conviction to enhance his current sentence is unavailing.

Cabrera makes three due process challenges to the sentencing court's decision not to grant him downward departures: first, that he was denied due process generally by the Court's denial of his motions for downward departures; second, that he was denied due process because the Court did not consider a psychological evaluation in support of his request for a downward

departure based on diminished capacity; and third, that the he was denied due process because the Court should have granted his motion for a downward departure based on cultural assimilation. All of these arguments fail.

The decision to grant a downward departure is within the discretion of the sentencing court. *See United States v. Sierra-Castillo*, 405 F.3d 932, 936-37 (10th Cir. 2005). A district court's "discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure" is not reviewable. *United States v. Shuck*, 713 F.3d 563, 570 (10th Cir. 2013) (quotation omitted). Here, the sentencing court specifically acknowledged Cabrera's argument for a downward departure based on cultural assimilation and denied the motion because of Cabrera's criminal history. (*See* Doc. 49 at 21.) Additionally, the court specifically considered Cabrera's argument for a downward departure based on a mental deficit, and found that such a departure was inappropriate. (*Id.* at 21-22.) Furthermore, the Tenth Circuit specifically affirmed the within-guidelines sentence on appeal and found that the sentence was substantively reasonable. *Cabrera*, 571 F. App'x at 717. It cannot be said that the Court's reasoned denial of a discretionary downward departure, where the Court acknowledged that it had such discretion, is a violation of Cabrera's due process rights.

Finally, Cabrera contends that his due process rights were violated when the magistrate judge, at the plea hearing, allowed him to preserve the right to challenge his prior convictions, despite knowing that these convictions can only be challenged in the original court. Cabrera misapprehends what the magistrate judge allowed at the plea hearing. Because Cabrera pled guilty without a plea agreement, there were no agreements precluding him from making arguments at sentencing—much like the arguments actually made. Indeed, Cabrera was allowed to, and in fact did, challenge the applicability of the prior convictions to his current sentence. The

magistrate judge did not advise him that he could challenge the existence or constitutionality of the prior convictions at the sentencing stage. The magistrate judge did not err and Cabrera was not deprived of due process.

### III.     Ineffective Assistance of Counsel

Cabrera makes three arguments about his counsel's alleged deficiencies. First, Cabrera contends that counsel was ineffective because counsel advised Cabrera not to file motions challenging the validity of the 2001 Colorado conviction or the 2004 removal order, and in fact did not file motions on those topics. Second, Cabrera argues that counsel should have requested a psychological evaluation to support Cabrera's claim of diminished capacity by reason of PTSD. Finally, Cabrera challenges counsel's handling of the 2001 Colorado conviction, specifically that counsel should have file a state habeas claim in Colorado in order to support his arguments in the present case.

To succeed on an ineffective assistance of counsel claim, a defendant must show 1) that his lawyer's performance was deficient, i.e., below the level expected from a reasonably competent attorney in criminal cases, and 2) that he suffered prejudice, meaning that there is a reasonable probability that the result would have been different but for his lawyer's unprofessional errors. *United States v. Cruz*, 774 F.3d 1278, 1284-85 (10th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 696 (1984)). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Cabrera raised issues about counsel's decision not to challenge the validity of the 2001 Colorado conviction or the 2004 removal order on direct appeal. He now claims that counsel

erred by not filing motions related to these issues and advising Cabrera not to file motions on these issues. As discussed above, the Tenth Circuit decided these issues on direct appeal. Therefore, even assuming that counsel somehow fell below an objective standard of reasonableness by failing to file motions challenging the use of these convictions, Cabrera suffered no prejudice because there is not a reasonable probability that the result would have been any different. Indeed, as the Tenth Circuit stated in *Cabrera*, the district court properly "declin[ed] to invalidate" the removal order and the challenge to the 2001 conviction is foreclosed. 571 F. App'x at 718. Therefore, Cabrera cannot show prejudice under *Strickland*.

Cabrera also alleges that counsel was ineffective because he did not file a state habeas corpus petition in Colorado to challenge the 2001 conviction. I am not aware of, and Cabrera has not directed me to, any authority suggesting that court-appointed counsel in a federal criminal case is required to file a habeas corpus petition in a different state to challenge a twelve-year-old conviction. I find that it does not fall below the level of competence of a reasonable attorney in a criminal case to not file a state habeas corpus petition to overturn a twelve-year old conviction. On this claim, too, Cabrera cannot meet the *Strickland* standard.

Finally, Cabrera contends that he suffers from PTSD and that counsel was ineffective by failing to request a psychological evaluation in support of his argument for a downward departure based on diminished capacity under U.S.S.G. § 5K2.13. Section 5K2.13 states that a "downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." Even if Cabrera could show that he suffers from a significantly reduced mental capacity, the argument would fail on the second prong. Cabrera specifically stated that he unlawfully reentered the United States "to work

and look for his own family." (Doc. 62 at 4 (quoting Addendum to the PSR, Response No. 3); *see also* Doc. 59 at 5 ("the motive that lead the defendant to committed the currently offense of illegally reentering to the United States was based on familial rather than to commit another crimes or for financial matters" [sic]).)

Even assuming that counsel fell below an objective standard of reasonableness by not requesting a psychological evaluation in support of Cabrera's diminished capacity argument, Cabrera suffered no prejudice: § 5K2.13 is inapplicable to Cabrera's case by his own statement that he returned illegally to the United States to find his family, and was not motivated by his alleged mental deficit. Accordingly, Cabrera cannot meet the *Strickland* standard on this claim.

## CONCLUSION

Cabrera was not denied due process when the Court properly considered his prior convictions for the purpose of enhancing the present sentence or when the Court declined to grant Cabrera discretionary downward departures. His claims of due process violations must fail. Cabrera also failed to establish that he suffered prejudice as a result of any of the alleged errors on behalf of counsel. Therefore, I conclude that Cabrera failed to establish an ineffective assistance of counsel claim. For the reasons stated herein, I recommend that Cabrera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 59) be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.